WETMORE v. WETMORE.

(Supreme Court, Appellate Division, First Department. May 13, 1898.)

DIVORCE—ALIMONY—APPLICATION TO REDUCE.

The plaintiff in an action for absolute divorce, having secured a decree, but being unable to find the defendant within the state, from which he had absented himself, or any property from which to satisfy the award of alimony, brought the present action, and secured a decree directing the payment of such alimony from the income of a certain trust fund created for the defendant's benefit. Upon the defendant's appeal to the court of appeals, the decree was modified, so as to permit him to apply to the court for a share in the trust income. Thereafter, and while still refusing to submit to the jurisdiction of the court, he made such an application, based upon his unsupported affidavit as to his lack of any income. *Held,* that, in view of the permission given by the court of appeals, the application should not be absolutely denied, but should be sent to a referee for a trial, upon which the witnesses must appear, and submit to examination and cross-examination.

Appeal from special term, New York county.

Action by Annette B. Wetmore against William Boerum Wetmore and others. From an order denying a motion for an order to be made at the foot of the judgment modifying such judgment by directing trustees to pay a portion of the income of the trust estate for the support of defendant, William B. Wetmore, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thomas P. Wickes, for appellant.
Flamen B. Candler, for respondent.

INGRAHAM, J. On the 12th of June, 1890, an action was commenced in this court by the above-named plaintiff against the defendant, William B. Wetmore, for a divorce on the ground of adultery, and the summons in that action was served upon the defendant, William B. Wetmore, personally in this state. William B. Wetmore answered in that action, and the case was subsequently tried, and resulted in the entry of a judgment on or about April 8, 1892, dissolving the marriage between the plaintiff and the defendant, William B. Wetmore, and granting an absolute divorce, awarding the custody of the three children of the marriage to the plaintiff, and granting unto the plaintiff the sum of $3,000 annually so long as she shall live, to be paid in equal quarterly payments of $750; and also granting the plaintiff the sum of $1,000 annually for the maintenance and education of each of the children of the marriage until such children should attain the age of 21 years. A copy of this judgment was, on April 11, 1892, duly served upon the defendant's attorney in that action. It is not disputed but that from the time of the marriage of the defendant, William B. Wetmore, to the plaintiff, down to the time when this husband and wife separated, the defendant had been a resident of this state, residing with his family in the city of New York, and was present here down to a time subsequent to the trial. He now

says in his affidavit that in 1887 he removed to the state of Vermont; that he continued to live there until May, 1889, when he spent a few months upon his yacht, and in the fall of 1889 went to Denver, Colo., where he continued to reside until the fall of 1895; that in the fall of 1895 he took up his residence at the city of Baltimore, Md., where he continued to reside until the present time. Immediately after the entry of this judgment, efforts were made to enforce the judgment, but it was impossible to find him within this state; and efforts were also made to find some property of the defendant from which the judgment directing the payment of alimony to the plaintiff and the various sums of money directed to be paid for the support of the defendant's children could be paid, but these efforts were wholly without success. It was then ascertained that under the will of his father the defendant was entitled to the income upon a trust fund held by his mother as trustee, and this action was commenced to reach that trust fund, so that the income thereof could be applied to the payment of the amounts directed to be paid by the said judgment of divorce for the support of the defendant William B. Wetmore's family. The result of a trial of that action was the judgment which is now sought to be modified. Upon the trial of that action the defendant, William B. Wetmore, made the same claim as to his personal property that he had made before a referee appointed to determine the alimony that should be awarded to the plaintiff, viz. that he had disposed of a large portion of the property which he had received from his father's estate; but it was proved to the satisfaction both of the referee in the divorce proceeding and to the court on the trial of the action that the statement made on behalf of the defendant as to the disposition of his property was not a frank and full disclosure of the fact, and were not true statements, and that he had failed to account for the property which he had received from his father, or to show that he was unable to pay the amount of alimony directed to be paid. The judgment entered in this action directed that the income of the trust fund which was directed to be paid to the defendant, William B. Wetmore, under the will of his father, should be applied to the payment by this defendant of the alimony directed to be paid for the support of the plaintiff and her children. This judgment also provided that the plaintiff have leave to apply from time to time for such orders at the foot of the judgment as may be necessary for its enforcement, and for the protection and enforcement of her rights in the premises. It does not appear that at the time of the entry of the judgment any request was made on behalf of the defendant, William B. Wetmore, that a privilege should be reserved to him to make any application at the foot of the judgment, and no such provision was inserted in the judgment. Upon an appeal to the court of appeals this judgment was modified so that he should have leave at any time to apply to have the judgment modified so as to permit him to share in such income of the trust fund, and, as modified, the judgment was affirmed. 44 N. E. 169. In pursuance of leave thus obtained, this defendant, William B. Wetmore, has made this motion to modify the judgment in this

action so as to direct that the defendant, as trustee, pay to the plaintiff only so much of the income of the trust estate hereafter accumulating as should be sufficient for the maintenance and education of her children, not to exceed the sum of $3,000 per annum, and that the proceeds of such income, after making such payments, be paid wholly for the support and maintenance of the defendant, William B. Wetmore, and that the trust estate be relieved from the payment of any further sums for arrears of alimony.    This application was made upon the affidavit of William B. Wetmore, in which he reasserts the statements made on his behalf before the referee in the divorce case and on the trial of this action as to the disposition of his property that he received from his father, with further statements as to the disposition of the property which he then admitted he had, claiming in this affidavit that all of his property, which amounted to something between one hundred and fifty and two hundred and fifty thousand dollars in the years 1887 and 1888, has been spent or lost, and alleging that he has no income now except the income of the trust estate, which is applied by this judgment to the support of his wife and children.    The application is based solely upon this affidavit of the defendant.    His statements are not in any way corroborated, and this provision for the benefit of his wife and children, made after a most careful examination, and after two trials, certainly should not be disturbed unless the fact upon which the application is based, and which, in view of what was said by the court of appeals, would alone justify a modification of the judgment, is satisfactorily established; and that fact is not satisfactorily proved to us by a simple unsupported statement of the defendant, where he refuses to submit himself for cross-examination.    The application was denied below upon the ground that the defendant is in contempt, refusing to obey an order of the court, or to submit himself to its jurisdiction.    Under ordinary circumstances this fact alone would be sufficient to justify the court in refusing to grant a favor, or refusing a person thus situated any incidental relief.    He deliberately absented himself from the state, and although he concededly had at that time a sufficient amount of money in his possession with which he could have satisfied at least a portion of the sum that was directed to be paid for the support of his wife and children, he has persistently refused to perform any part of the duty imposed upon him of protecting and supporting those whom he was bound to protect and support, and refused to make any provision for the support of his wife and children.    This conduct, and the disposition shown by the defendant since the divorce was granted, does not entitle him to any favor, and the court may well hesitate before granting him any relief to which he is not strictly and legally entitled.    The court of appeals, however, has modified the judgment by allowing this application to be made; and while a mere permission to make the application cannot be considered in any way an intimation of the court that it should be granted until the defendant had voluntarily submitted himself to the jurisdiction of the court, and thus purged himself of his contempt, still we are inclined to think that, in view

of what was said by the court of appeals, an absolute denial of this motion was improper. It is, however, clear that this motion should not be granted upon affidavits, or without a trial of the particular issue presented thereon, where the witnesses must appear before a referee, and submit to examination and cross-examination. It is in reality a proceeding at the foot of the decree, which proceedings should be tried in the usual manner in which issues of fact are tried in an action, and were tried in this action.

We think, therefore, that the order should be reversed, and that the issues raised by this application should be referred to a referee, to be named in the order, to take the proof offered by the parties, and to report, with his opinion thereon, to the court at special term; the affidavits to be treated merely as in the nature of the pleadings with regard to this supplemental application. The costs of this appeal should abide the final determination of this proceeding. All concur.